## Case No. 8,227.

LEITER et al. v. REPUBLIC FIRE INS. CO.

[7 Biss. 26;[1] 9 N. B. R. 205; 6 Chi. Leg. News. 157.]

Circuit Court, N. D. Illinois. May, 1873.[2]

BANKRUPTCY OF CORPORATION — AUTHORITY OF COUNSEL TO ADMIT BANKRUPTCY.

In order to authorize counsel to appear for a corporation and admit acts of bankruptcy charged, it is not essential that the corporators or shareholders should by vote authorize such action.

[In review of the action of the district court of the United States for the Northern district of Illinois.]

Certain creditors [Levi Z. Leiter and others] of the insurance company, on the 14th of November, 1872, filed a petition in bankruptcy against it, alleging various acts of bankruptcy, and asking that it be adjudicated a bankrupt. The ordinary proceedings took place in the district court after the filing of the petition. [See Case No. 11,-704, where an assessment of 60 per cent. upon the stockholders was ordered, and Case No. 11,705, where the question of certain reissued policies was considered.] The company appeared, and filed a waiver of the return day of the rule to show cause, confessing the acts of bankruptcy set forth in the petition, and consenting to an immediate adjudication of bankruptcy. This paper was signed by counsel on behalf of the company. An adjudication of bankruptcy was accordingly rendered, and the case went on in the usual manner until the 20th of May, 1873, when the petitioners in review in this court filed a petition in the district court, asking that the decree in bankruptcy be set aside on the ground that the company was not insolvent as alleged in the petition, and had not committed the acts of bankruptcy therein declared, but particularly because the authority of the counsel confessing the acts of bankruptcy had not been sanctioned, previously to the confession being filed in court, by the stockholders of the company. The district court dismissed the petition [Case No. 11.706], whereupon the case was taken by petition for review to the circuit court.

Eldridge & Tourtellote, for petitioners in review.

Tenneys, Flower & Abercrombie, for respondent.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 11,706.]

DRUMMOND, Circuit Judge. This seems to be the principal question raised in this court—whether when a petition in bankruptcy is filed against a corporation, it is necessary, in order to authorize counsel to appear and admit the acts of bankruptcy charged, that the corporators or shareholders should previously, by a vote, authorize the act, or direct it to be done.

The district court dismissed the petition mainly on the ground that the property of the company had been placed in the hands of an assignee, who was proceeding to collect assessments and claims, and was ready to distribute the proceeds then in his hands among the creditors of the company; and that it was, therefore, not competent for the petitioners, who, it seems, were subscribers to the stock of the company, and who had been called upon to pay their subscriptions, thus to delay the application to the court for so long a time; but declaring that if the petition had been filed in apt time, it might have been the duty of the court to consider the allegations therein contained.

Petitioners here insist that the provisions of the 37th section of the bankrupt law [of 1867 (14 Stat. 535)], which declares that a petition may be filed by a corporation, when authorized by its corporators so to do, at any regular meeting called for the purpose, also apply to the case of an involuntary proceeding, against a corporation, by a creditor; in other words, that inasmuch as, before a petition can be filed by a corporation, there must be a vote of the corporators authorizing it; so, when a petition is filed against a corporation, by a creditor, there must also be a vote of the corporators to authorize counsel to appear and consent to an adjudication of bankruptcy, or to admit the acts of bankruptcy alleged.

I do not think that is the true construction of section 37. Congress, in authorizing the application of the provisions of the bankrupt law to corporations, thought it necessary (inasmuch as there might often be a question among the members of a corporation, whether, in a given case, it would be proper to apply for the benefits of the bankrupt law,) to declare that question should be settled in a particular way, namely, by a vote of a majority of the corporators, and, therefore, provided that application should be so made to the court.

This provision refers to the case of voluntary proceedings. But in case of involuntary proceedings against a corporation it is to be inferred, unless there is some restriction in the law, that the usual course will be adopted, and matters proceed as in ordinary cases where legal measures are instituted against corporations; namely, that they will have the power to appear by counsel, be subject to the rules of pleading known and sanctioned by the courts, and that there will be the usual confidence exist-

ing between counsel and client in such cases; and that counsel will not do any act unauthorized by the corporation.

It might be said, with as much reason, that where a corporation is made an involuntary party, indirectly or collaterally, in a bankruptcy proceeding, counsel could not appear to represent it, unless expressly authorized by a vote of the corporators or shareholders; and that would hardly be contended.

It is conceded by petitioners here, that, if the proceedings had gone on in the usual way—if there had been a default and adjudication in bankruptcy rendered, or an appearance by counsel and a hearing or trial, and verdict and a decision of the court making an adjudication—a vote of the corporators would be immaterial, but it is denied that the rule applies to the case of appearance and of a cognovit made by counsel.

The necessity for resorting to a vote of the corporators would not seem to exist, in as great degree, in one case, as in the other.

The corporation, in this case, was not a volunteer. It was compelled to come into court, and plead, in conformity with the rules of the court. As it could appear by counsel without a vote of the corporators, there was nothing to prevent counsel, when warranted in so doing by the regular agents of the corporation, from admitting the acts of bankruptcy stated in the petition, provided, upon a proper examination they were satisfied that the allegations were true, and that a trial, or hearing, would involve unnecessary expense and delay, and be of no advantage to the corporation itself or its creditors.

There is no question made as to the authority having been given counsel by the proper officers of the corporation, nor of the good faith of either, nor of their having acted upon the subject matter after proper inquiry. All these points must be assumed in favor of the acts of counsel and of the officers of the corporation.

The question is, then, simply as to the authority of the corporation to act through counsel in the manner pursued here, and the case would hardly seem to be one calling very stringently for the exercise of the power of interference of the district court or of this court.

An assignee has been appointed, and has administered upon corporate property, collected debts and distributed proceeds, and it would seem to be manifest that the reason for seeking this interference at this time arises, not from the fact that the petitioners in this court are corporators, and their rights as such are affected, but because of their being called upon to pay subscriptions to the stock for which they are liable, and as to which they are delinquent.

The order of the district court, dismissing the petition, will, therefore, be affirmed.